UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL CULBERSON (#0028416),

      Petitioner,

v.                                    CIVIL ACTION NO.  2:20cv510

HAROLD CLARKE,
Director, Virginia Department of Corrections,

      Respondent.

## REPORT AND RECCOMENDATION

Petitioner Michael Culberson ("Petitioner" or "Culberson") filed this federal habeas petition under 28 U.S.C. § 2254, alleging constitutional errors underlying his grand larceny convictions in the Norfolk Circuit Court.  Respondent moved to dismiss the petition, arguing that Culberson had not exhausted his state remedies and as a result this court lacked jurisdiction to address them.  Along with the motion, Respondent provided the notice to pro se parties required by Local Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Despite notice, Culberson has failed to respond.  Because Culberson has not presented his constitutional claims to the Supreme Court of Virginia, they are unexhausted.  And because Culberson may still pursue state habeas relief, the appropriate disposition in this court is dismissal without prejudice.

## I.      FACTUAL AND PROCEDURAL HISTORY

On January 10, 2020, a Norfolk Circuit Court jury convicted Culberson of grand larceny. The court later sentenced him to serve four years in prison.  He attempted to appeal his conviction, but his petition was dismissed for failing to timely file a brief.  Culberson v. Commonwealth, Record No. 0122-20-1 (Order, October 16, 2020).  While his appeal was

pending, Culberson filed a state habeas claim in the Norfolk Circuit Court alleging that he had been denied his Sixth Amendment right to counsel on appeal because his attorney had abandoned the case.  Culberson v. Clarke, No. CL20-4446, Pet. at 3.  The Respondent in those state proceedings agreed that Culberson had been denied counsel on appeal, and the Circuit Court thereafter granted relief.  The Court of Appeals granted a delayed appeal November 12, 2020. Culberson v. Commonwealth, Record No. 0122-20-1 (Order of November 12, 2020).[1]

In addition to his state Circuit Court habeas petition, Culberson had simultaneously filed for habeas relief directly in the Supreme Court of Virginia.  But his Supreme Court petition was dismissed for failing to name a proper party respondent.  Culberson v. Commonwealth, Record No. 200589 (Order of November 24, 2020).

In this federal petition filed on October 9, 2020 (prior to Culberson obtaining relief in state court), Culberson also claims he was denied counsel on appeal.  He asserts violation of his rights under the Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution as well as state law claims.  Although he references several federal constitutional violations, the only substantive claim asserted is the denial of his counsel on appeal.  He does not articulate how this denial infringed the other constitutional protections cited.  Nonetheless, because his petition for habeas relief in the Supreme Court of Virginia was dismissed without prejudice, he has not presented these claims to the Supreme Court, and as a result they are unexhausted.  And because the dismissal there was without prejudice and Culberson's case remains open as a result of the delayed appeal, he may refile the claims.  As a result, this Report recommends the court dismiss his current federal petition without prejudice for failure to exhaust.

---

[1] The delayed appeal appears in the Court of Appeals online records under a different case number (008521).  The court reviewed copies of the relevant filings.

## II.   ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1).  Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  In other words, "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

As the foregoing procedural history demonstrates, Culberson's state habeas petition has not yet been considered by the Supreme Court of Virginia.  As such, his claims have not yet been exhausted.  In Rose v. Lundy, 455 U.S. 509, 522 (1982), the United States Supreme Court held that "because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."  The requirement itself, the Court explained, is intended to protect the state court's autonomy in enforcing federal law while preventing the "disruption of state judicial proceedings." Id. at 518.  As all of Culberson's claims are unexhausted and the Supreme Court of Virginia has not yet considered his state habeas petition, the appropriate remedy is dismissal without prejudice. Slayton v. Smith, 404 U.S. 53 (1970).

Such a remedy would not prevent Culberson from timely seeking federal habeas relief. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year

3

limitation period for persons in custody, pursuant to a state judgment, to petition federal courts for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1) (2006). A properly filed pending state post-conviction relief or collateral review petition tolls the federal filing period during the time it is pending in state court. 28 U.S.C. § 2244(d)(2). "An application is *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

After he was granted initial habeas relief to file a belated appeal, Culberson did so in the Court of Appeals on October 23, 2020. Culberson v. Commonwealth, Record No. 0122-20-1 (CAV No. 008521). That appeal remains pending and thus, his conviction has not become final for purposes of the federal statute of limitations.[2]

Because Culberson will still have an opportunity to present habeas claims at the conclusion of his direct appeal, the appropriate remedy is dismissal without prejudice.

### III.    RECOMMENDATION

As the Supreme Court of Virginia has yet to decide any of Culberson's state habeas claims, he has not exhausted all available state remedies. Accordingly, for the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 21) be GRANTED and that Culberson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice.[3]

---

[2] The final judgment date will be based on the conclusion of the delayed direct appeal, "or the expiration of the time for seeking review of that appeal." Jimenez v. Quarterman, 555 U.S. 113, 121 (2009). See also Crawley v. Catoe, 257 F.3d 395, 400 (4th Cir. 2001) (The limitations period begins to run "only when the availability of direct appeal has been exhausted, which includes the denial of a certiorari petition to the United States Supreme Court or the expiration of time for seeking such review."). A petition for a writ of certiorari in the Supreme Court must be filed within 90 days after entry of the judgment. Sup. Ct. R. 13(1).

[3] Culberson also filed three interim motions seeking release on bail pending appeal. (ECF Nos. 6, 13 and 15). These motions appear to be mooted based on the relief obtained in state court. To the extent they are not, they likewise fall within the prohibition on federal court's examining unexhausted claims and should therefore likewise be denied without prejudice. Finally, Culberson filed a request for appointment of counsel (ECF No. 18). However,

## IV.    <u>REVIEW PROCEDURE</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Douglas E. Miller
United States Magistrate Judge
_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 3, 2021

---

in light of his apparent inability to proceed in this court, and the appointment of counsel in his state proceedings, the court will DENY his request for counsel in this action.  See Rule 8, Rules Governing § 2254 Cases (confirming counsel required if evidentiary hearing is permitted).

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Michael Culberson,** #0028416
c/o Newport News City Jail
226 24th Street
Newport News, VA 23607

A copy of the foregoing was provided electronically this date to:

**Eugene Paul Murphy**
Office of the Attorney General
202 North Ninth Street
Richmond, VA  23219

**Timothy Joseph Huffstutter**
Office of the Attorney General
202 North Ninth Street
Richmond, VA  23219

Fernando Galindo, Clerk

By /s/ J. L.  Meyers
Deputy Clerk

March 3 , 2021